Filed 9/28/15  Tran v. Rogers CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NEIL TRAN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MICHAEL ROGERS et al., <br><br> Defendants and Respondents. | D066364 <br><br><br> (Super. Ct. No. 37-2013-00062758) |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Neil Tran, in pro. per., for Plaintiff and Appellant.

Lambert & Rogers and Michael Rogers, for Defendants and Respondents.

INTRODUCTION

This is Neil Tran's fourth appeal in a series of lawsuits stemming from statements Tran made about Lieu Minh Quang[1] in Tran's publication, Nang Moi, in 2002.[2] In this case, Tran sued Quang, Michael Rogers (Quang's former attorney), Doan Dung, Nguoi Viet Today News, and Tri T. Nguyen, M.D. for allegedly conspiring to continue the trial in Tran's case against Quang by falsely representing that Quang was ill and to prevent Tran from presenting his case at trial. Tran appeals a judgment dismissing Rogers, Nguoi Viet Today News, and Dung (collectively Respondents) after the court sustained their demurrer to his first amended complaint (FAC) without leave to amend. The trial court sustained the demurrer on three grounds: (1) the conduct alleged is absolutely privileged under Civil Code[3] section 47, subdivision (b); (2) the FAC is an improper collateral attack on a previous judgment; and (3) the FAC fails to allege a conspiracy claim.

---

[1] Quang was sued in this case, and is sometimes referred to, as Quang Minh Lieu. Respondents inform us this is based on linguistic differences between English and Vietnamese regarding placement of the surname. For consistency, we refer to this individual as Quang.

[2] Tran was the appellant in the following matters arising from the dispute with Quang: *Quang v. Tran* (Aug. 23, 2004, D041992) [nonpub. opn.]) affirmed an order denying Tran's special motion to strike under the anti-SLAPP statute (Code Civ. Proc., § 425.16); *Quang v. Tran* (Oct. 10, 2007, D048346) [nonpub. opn.]) affirmed judgment for Quang; and *Tran v. Quang et al.* (Sept. 18, 2013, D064038), dismissed as untimely. Tran was also the appellant in a similar case, *Dinh v. Tran* (Sept. 27, 2004, D042139) [nonpub. opn.]) affirmed an order denying Tran's special motion to strike under the anti-SLAPP statute regarding statements in Nang Moi.

[3] All further statutory references are to the Civil Code unless otherwise specified.

2

On appeal, Tran contends the litigation privilege should not apply to this case and this action does not constitute an improper collateral attack on a previous judgment. He also contends the court erred in sustaining the demurrer without granting him leave to amend. We conclude there is no merit to these contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In the first lawsuit, *Quang v. Tran*, *supra*, D048346, Quang obtained a money judgment against Tran for libel, negligent infliction of emotional distress, and punitive damages based on false statements Tran published in Nang Moi about Quang. We affirmed the judgment in an unpublished opinion.

In the second lawsuit, *Tran v. Quang*, *supra*, D064038, Tran sued Quang, Dung, Nguoi Viet Today News, and other parties, for intentional infliction of emotional distress and defamation. After a jury trial, Quang, Dung, and Nguoi Viet Today News obtained a defense judgment against Tran. Tran unsuccessfully moved for a new trial and failed to timely appeal the judgment.

In this third lawsuit, Tran sued Respondents for conspiracy, fraud, unfair business practice, and intentional and negligent infliction of emotional distress.[4] Tran's FAC alleges Respondents conspired with Tran's former attorney during the *Tran v. Quang*, *supra*, D064038 case: (1) to induce the court to continue the trial for three months by allegedly falsely representing Quang suffered a heart attack and was too ill to proceed

_____

[4] Tran amended his original complaint prior to service. Therefore, the FAC is the operative complaint.

3

with trial as scheduled; (2) to deny Tran's request for Quang to produce medical records; (3) to use Tran's translator for Quang during trial without reimbursing Tran; and (4) to prevent Tran from calling witnesses (allegedly falsely representing a witness had been murdered) and presenting evidence of damage to his reputation.[5]  Tran contends the Respondents made false representations and conspired to deny him the opportunity to fairly present his defamation case.

Respondents demurred to the FAC contending its allegations are barred by section 47, subdivision (b)'s litigation privilege and by section 1714.10's procedural requirements for filing a civil conspiracy action against an attorney.  Additionally, Respondents contended this lawsuit is an impermissible counterattack on the prior adverse judgment against Tran.  In opposition, Tran argued section 47, subdivision (b) is inapplicable to his allegations and requested leave to amend.

The court sustained the demurrer without leave to amend on the grounds the FAC concerned absolutely privileged conduct under section 47, subdivision (b), it constitutes an improper collateral attack on a previous judgment, and it fails to allege a conspiracy claim because it does not allege a wrongful act to support a conspiracy.  The court denied leave to amend stating it did not appear Tran could state a cause of action.

---

[5]     Tran apparently has a separate lawsuit pending against his former attorney arising from the *Tran v. Quang* case.  (*Tran v. Kanter* (Super. Ct. San Diego County, 2013, No. 37-2013-0053420-CU-PN-CTL).)

4

DISCUSSION

I

*Demurrer*

"A demurrer tests the legal sufficiency of the complaint. [Citation.] Therefore, we review the [FAC] de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78; see *Flannery v. VW Credit, Inc.* (2014) 232 Cal.App.4th 606, 613.)

We conclude the court properly sustained Respondents' demurrer because all of Tran's allegations and causes of action concern absolutely privileged conduct. "The litigation privilege, codified at … section 47, subdivision (b), provides that a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged. This privilege is absolute in nature, applying 'to *all* publications, irrespective of their maliciousness.' [Citation.] … The privilege 'is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' " (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.) The purpose of the litigation privilege is to afford " 'the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' " (*Ibid.*)

" '[T]he privilege is "an 'absolute' privilege, and it bars all tort causes of action except a claim of malicious prosecution." [Citation.] The litigation privilege has been

5

applied in "numerous cases" involving "fraudulent communication or perjured testimony." ' " (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 965, italics omitted.)

Tran's allegations all concern communications during the *Tran v. Quang*, *supra*, D064038 judicial proceeding. Tran alleges Respondents and Tran's former attorney made statements to the court concerning Quang's health and the availability of witnesses. Tran alleges Rogers used Tran's translator for Quang during trial. Tran alleges the Respondents, along with Tran's former attorney, "acted in concert … to conclude the case after the first day of trial," which he alleges prevented him from presenting evidence of damage. Each of these communicative acts made during the course of litigation falls within section 47, subdivision (b)'s purview.

Tran contends the litigation privilege should not apply in this case because he believes the conduct alleged amounts to perjury. It is true the litigation privilege does not apply to prevent *criminal* prosecution for perjury or subornation of perjury. (*Action Apartment Assn., Inc. v. City of Santa Monica*, *supra*, 41 Cal.4th at p. 1246.) However, it is well established the litigation privilege applies to *civil* actions based on perjury or other fraudulent communications. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 322.) The Supreme Court has explained, " ' "[t]he resulting lack of any really effective civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from

6

intimidation by the possibility of civil liability for what they say." ' " (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 956.)[6]

Additionally, the FAC is an impermissible collateral attack on the adverse judgment Tran received in his prior lawsuit. Although Tran does not explicitly seek to reverse or set aside that judgment, he seeks damages for fraud he alleges Respondents committed during trial. Even assuming Tran's allegations to be true, such an attack on intrinsic fraud by way of a subsequent lawsuit is improper. (*Mullen v. Dep't of Real Estate* (1988) 204 Cal.App.3d 295, 301 ["[W]here the fraud was committed within the trial there can be no relief. '[I]t is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony.' "].) Therefore, Tran's causes of action are barred and the trial court correctly sustained the demurrer to the FAC.

II

*Leave to Amend*

Tran also contends the court abused its discretion in denying him leave to amend. "The trial court exercises its discretion in declining to grant leave to amend. [Citation.] If it is reasonably possible the pleading can be cured by amendment, the trial court abuses its discretion by not granting leave to amend." (*Grinzi v. San Diego Hospice Corp.*

---

[6] Tran's reliance on *Flatley v. Mauro*, *supra*, 39 Cal.4th 299 is misplaced. In that case, the court discussed the litigation privilege, recognizing its broad application even to fraudulent or perjured statements. (*Id*. at p. 322.) It held, however, the anti-SLAPP statute, which is substantively different from section 47, did not apply to criminal extortion because such conduct is not constitutionally protected speech. (*Id*. at pp. 328, 333.)

7

(2004) 120 Cal.App.4th 72, 78.)  Tran "has the burden of proving the possibility of cure by amendment."  (*Ibid.*)

In opposing Respondents' demurer, Tran claimed he could plead more facts about the motivations for Respondents' actions, but did not specify how such facts would cure the pleading defects or overcome the litigation privilege or the bar against a collateral attack on a prior judgment.

Tran contends we should grant leave to amend because he is representing himself. Tran also contends because he is not an attorney he should have an opportunity on remand to file a petition under section 1714.10 to permit him to state a claim for civil conspiracy against attorney Rogers, who properly raised this failure as a defense in Respondents' demurrer.  (§ 1714.10, subds. (a), (b); *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 815.)  A self-represented litigant must " 'be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.  [Citation.]'  [Citation.]  Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure."  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  Tran has not met his burden of demonstrating how he could cure the FAC's fatal deficiencies or how he could avoid the application of section 1714.10.  Accordingly, the court did not abuse its discretion by denying Tran leave to amend.

## DISPOSITION

The judgment is affirmed.  The Respondents shall recover their costs on appeal.


McCONNELL, P. J.

WE CONCUR:


AARON, J.


PRAGER, J.*

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.